IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| DERRICK WAYNE McDONALD | § | |
| --- | --- | --- |
| | § | |
| V. | § | A-09-CA-310-SS |
| | § | |
| HONORABLE MARTHA J. TRUDO, | § | |
| MICHAEL WALDMAN, and | § | |
| JON JON McDURMITT | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:  The Honorable Sam Sparks, United States District Judge

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court is Petitioner's application for habeas corpus relief. Petitioner, proceeding pro se, has paid the full filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

### BACKGROUND

According to Petitioner, he is being held in the Bell County Jail on state criminal charges. Pet. at 2. Petitioner complains that he has been detained in the jail for over a year by county authorities with no bond reduction, he was illegally arrested without a valid complaint and affidavit for arrest, he did not receive a prompt post-arrest determination of probable cause, he has been denied effective assistance of counsel, and he is being illegally and unlawfully restrained by Judge

1

Trudo, Bell County Assistant District Attorney Michael Waldman, and court-appointed counsel Jon Jon McDurmitt. Id. at 7-19. Petitioner requests the Court to order his immediate release. Id. at 19.

**ANALYSIS**

The initial issue this Court must determine is whether Petitioner has any right to invoke federal habeas corpus in view of the fact that his conviction is not yet final. In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123 (1973), the Supreme Court reiterated the long established principle that "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Id. at 490, 93 S. Ct. at 1127.

In this case, Petitioner's claims are insufficient under Braden to justify federal habeas relief.[1] Additionally, the Court finds no special circumstances in this case which would justify a federal court's intervention in Petitioner's state criminal proceedings. Moreover, there is no evidence that Petitioner has exhausted his state court remedies, a prerequisite to federal habeas corpus relief. See Braden, 410 U.S. at 489-90, 93 S. Ct. at 1126.

RECOMMENDATION

It is therefore recommended that Petitioner's Application for Writ of Habeas Corpus be dismissed.

---

[1] Additionally, the Court should abstain from deciding these issues under the Younger abstention doctrine. See Louisiana Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1490 (5th Cir.), cert. denied, 515 U.S. 1145 (1995) (holding that Younger abstention is proper when there is a pending state court action, the state court action implicates an important state interest, and there is an adequate opportunity in the state proceeding to raise constitutional challenges).

2

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE